MARC E. MAYER (SBN 190969), mem@msk.com
MARK C. HUMPHREY (SBN 291718), mxh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., | CASE NO. |
| Plaintiff, | **COMPLAINT** |
| v. | **Demand For Jury Trial** |
| JOYFUN INC CO., LIMITED a/k/a SINA GAMES OVERSEAS (新浪游戏海外), a company organized under the laws of Hong Kong; ZROAD (HONGKONG) CO., LIMITED d/b/a INSTANTFUNS, a company organized under the laws of Hong Kong; INTELLIGENT JOYFUL INTERNATIONAL LIMITED, a company organized under the laws of the British Virgin Islands; ZROAD, INC., a company organized under the laws of the British Virgin Islands; SHANGHAI ZHOUZHONG NETWORK TECHNOLOGY CO., LTD. (上海洲众网络科技有限公司), a company organized under the laws of China; SHANGHAI YINFAN NETWORK TECHNOLOGY CO., LTD. (上浪茵繁网络科技有限公司), a company organized under the laws of China; WANG HAO (王昊) a/k/a HOWELL WANG, an individual; LUTONG ZHOU a/k/a CARLY ZHOU, an individual; DOE 1 a/k/a "simosimo2018ab@gmail.com;" DOE 2 a/k/a SIMDEV; and DOES 3 through 10, inclusive, | |
| Defendants. | |

11248261.2

Plaintiff Blizzard Entertainment, Inc. ("Blizzard" or "Plaintiff"), for its Complaint against Defendants Joyfun Inc Co., Limited a/k/a Sina Games Overseas (新浪游戏海外); ZRoad (HongKong) Co., Limited d/b/a Instantfuns; Intelligent Joyful International Limited; ZRoad, Inc.; Shanghai Zhouzhong Network Technology Co., Ltd. (上海洲众网络科技有限公司); Shanghai Yinfan Network Technology Co., Ltd. (上海茵繁网络科技有限公司); Wang Hao (王昊); Lutong Zhou a/k/a Carly Zhou; and Does 1 through 10 (collectively, "Defendants"), alleges as follows:

### **Preliminary Statement**

1.       Blizzard is an Irvine-based video game developer and publisher whose products include some of the most popular video game franchises in the world, including the *Warcraft* series of games and related products.  By this action, Blizzard seeks to put a stop to, and obtain redress for, the massive infringement of Blizzard's unique and valuable intellectual property in Defendants' mobile and web-based game titled "Glorious Saga" (the "Infringing Game").

2.       As set forth herein, Defendants' infringement of Blizzard's copyrights is willful, deliberate, and brazen.  Defendants did not just copy a few discrete elements from Blizzard's *Warcraft* games; they created a game whose content is almost entirely copied from the *Warcraft* games and related products. Every character in the Infringing Game was copied from a character from the *Warcraft* games, and many even bear the names of popular characters from the *Warcraft* games such as "Jaina Proudmoore," "Gul'dan," and "Malfurion."  Every monster, creature, animal and vehicle in the Infringing Game was copied from the *Warcraft* Games.  Weapons, amulets, and other objects were taken straight from the *Warcraft* games, without pretense.  Audio cues and sound effects from the *Warcraft* games were reproduced for the Infringing Game.  Defendants even

Mitchell Silberberg & Knupp LLP

2

created an icon for their game that plainly is intended to look like the cover of Blizzard's most recent *World of Warcraft* expansion, *Battle for Azeroth*:

 

3. Defendants know exactly what they are they doing, and they specifically know that their conduct is unlawful and infringes Blizzard's intellectual property rights. Defendants' exploitation was purely for commercial purposes, intended to make their game appealing to potential customers. Those customers noticed Defendants' copying, as did Blizzard's fans, who left dozens of comments on Defendants' social media pages such as "Blizzard get your lawyers in here" and "It is all a DIRECT ripoff of Warcraft." Defendants often delete these comments when they are posted, apparently in an effort to conceal what already is obvious to everyone: that the Infringing Game is a blatant *Warcraft* knock-off.

4. Defendants' conduct has caused, and unless enjoined will continue to cause, serious and irreparable harm to Blizzard and its business. In the meantime, Blizzard is informed and believes, and on that basis alleges, that Defendants have profited handsomely from their infringement, attracting thousands of consumers to their Infringing Game through the use of Blizzard's intellectual property. The

1  Court immediately should put a stop to this conduct and award the maximum

2  damages allowable by law.

3

4  **Jurisdiction and Venue**

5      5.      This is a civil action alleging copyright infringement under the

6  Copyright Act, 17 U.S.C. § 501.  This Court has exclusive subject matter

7  jurisdiction over these claims pursuant to 28 U.S.C. § 1338.

8      6.      This Court has personal jurisdiction over Defendants, including

9  because Defendants have engaged in, contributed to, and induced the infringing

10  conduct at issue within the United States and the State of California and have

11  purposefully directed their activities at the United States and at California.  Among

12  other things, Blizzard is informed and believes, and on that basis alleges, that:

13          (a)      Each of the Defendants or their respective agents are doing or

14  have been doing business continuously in the State of California and the United

15  States, including by distributing the Infringing Game on California-based

16  platforms such as Google Play; selling or helping to sell "virtual" items or currency

17  to customers located in the United States; marketing their infringing products to

18  U.S. and California customers; and advertising their infringing content via U.S.-

19  based digital platforms such as California-based Facebook.

20          (b)      Defendants have entered into contracts with persons or entities

21  in the United States, including advertisers, Internet service providers, payment

22  processors, and software providers.

23          (c)      Defendants have entered into financial transactions with

24  persons and entities in the United States.

25          (d)      Defendants have engaged in a variety of infringing acts, or have

26  facilitated, contributed to, induced, or controlled infringing acts in the State of

27  California and the United States, such as knowingly uploading infringing content

28  to mobile platforms such as the Google Play Store, Facebook, Amazon.com, and

Mitchell
Silberberg &
Knupp LLP

11248261.2

4

Twitter; licensing infringing content to persons or entities in the United States; and knowingly financing, supporting, and otherwise causing the production, marketing and distribution of infringing content with knowledge of its infringing nature.

(e)     Defendants know that the damages and other harmful effects of Defendants' infringing activities occur in the United States and primarily in California, where Blizzard has its principal place of business and where it has a substantial number of customers.

7.     Venue in this Court exists under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District, and because Blizzard has suffered injury in this District and Defendants have directed their infringing activities to residents of this District.

### The Parties

8.     Blizzard is a Delaware corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Irvine, California.  Blizzard is a developer and publisher of interactive video and computer games for a variety of platforms, including personal computers, game consoles, and mobile devices.

9.     Blizzard is informed and believes, and on that basis alleges, that defendant JoyFun Inc Co., Limited a/k/a Sina Games Overseas ( 新浪游戏海外) ("Sina Games") is incorporated under the laws of Hong Kong, and has a corporate address at Unit 417, 4th Floor, Lippo Centre, Tower Two, No. 89, Queensway, Admiralty, Hong Kong.  Blizzard is informed and believes, and on that basis alleges, that Sina Games is a direct or indirect subsidiary of Sina Corp., a software and technology company that is traded on the NASDAQ stock exchange.  Sina Games is in the business of developing and distributing video games for the international marketplace outside of China, including the United States.  Blizzard

Mitchell
Silberberg &
Knupp LLP

11248261.2

1  also is informed and believes, and on that basis alleges, that Sina Games is a

2  developer, distributor, and/or publisher of the Infringing Game.

3      10.    Blizzard is informed and believes, and on that basis alleges, that

4  defendant ZRoad (HongKong) Co., Limited d/b/a InstantFuns ("InstantFuns") is

5  incorporated under the laws of Hong Kong, with a corporate address at Flat/Rm

6  1113A 11/F Ocean Center, Harbour City, 5 Canton Rd., Tsim Sha Tsui, Kowloon.

7  InstantFuns claims to be the current owner of the copyright in the Infringing Game

8  and is among the developers, distributors, and/or publishers of the Infringing

9  Game.

10     11.    Blizzard is informed and believes, and on that basis alleges, that

11  defendant Intelligent Joyful International Limited ("IJIL") is incorporated under

12  the laws of the British Virgin Islands, with corporate addresses at Vistra Corporate

13  Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin

14  Islands, and Blvrd Gral Rodolfo Sánchez Taboada 1600, 22000 Tijuana, B.C.

15  Blizzard is informed and believes, and on that basis alleges, that IJIL has its

16  principal place of business in Hong Kong, China.  IJIL has purported to be among

17  the owners or prior owners of the copyright in the Infringing Game and is among

18  the developers, distributors, and/or publishers of the Infringing Game.

19     12.    Blizzard is informed and believes, and on that basis alleges, that

20  defendant ZRoad, Inc. ("ZRI") is incorporated under the laws of the British Virgin

21  Islands, and has a corporate address at Vistra Corporate Services Centre,

22  Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands.  Blizzard

23  is informed and believes, and on that basis alleges, that ZRI is a direct or indirect

24  subsidiary or affiliate of Instantfuns and/or of Sina Games and that it is a

25  developer, distributor, and/or publisher of the Infringing Game.

26     13.    Blizzard is informed and believes, and on that basis alleges, that

27  defendant Shanghai Zhouzhong Network Technology Co., Ltd. (上海洲众网络

28  科技有限公司) ("SZNT") is incorporated under the laws of the People's Republic

Mitchell
Silberberg &
Knupp LLP

6

11248261.2

1   of China.  Blizzard is informed and believes, and on that basis alleges, that SZNT

2   is wholly owned by Sina Games and is a developer, distributor, and/or publisher of

3   the Infringing Game.

4          14.    Blizzard is informed and believes, and on that basis alleges, that

5   defendant Shanghai Yinfan Network Technology Co., Ltd. (上海茵繁网络科技有

6   限公司) ("SYNT") is incorporated under the laws of the People's Republic of

7   China.  Blizzard is informed and believes, and on that basis alleges, that SYNT is

8   owned, controlled, or otherwise affiliated with Sina Games, is a developer,

9   distributor, and/or publisher of the Infringing Game, and is responsible for the

10   distribution of the Infringing Game (or a version thereof) via the Microsoft App

11   store.

12          15.    Blizzard is informed and believes, and on that basis alleges, that

13   defendant Wang Hao (王昊) a/k/a Howell Wang ("Wang") is an individual located

14   at (1) Room 605, No. 518, Anyuan Rd. Putuo District, Shanghai, China, and/or (2)

15   Room 404, No. 100 Jiangsu North Road, Changning District, Shanghai, China.

16   Blizzard is informed and believes, and on that basis alleges, that Wang, a citizen of

17   Canada, is a founder, owner, director, and officer of Sina Games, Instantfuns, and

18   other Defendants; acts as chief executive officer of Sina Games and of SZNT; was

19   directly involved in the creation, distribution, and/or marketing of the Infringing

20   Game; and/or directed the infringement described in this Complaint or a

21   controlling force behind such infringement.

22          16.    Blizzard is informed and believes, and on that basis alleges, that

23   defendant Lutong Zhou a/k/a Carly Zhou is an individual located at (1) 63 Cariglia

24   Trail, Markham, Ontario, Canada, and/or (2) 15 Greenview Ave, AP1112 North

25   York, Ontario, M2M 4M7, Canada.  Blizzard is informed and believes, and on that

26   basis alleges, that Zhou is a founder, owner, director, and officer of Instantfuns and

27   other Defendants; created, registered, and currently administers the website for the

28   Infringing Game; was directly involved in the creation, distribution, and/or

marketing of the Infringing Game; and/or directed the infringement described in this Complaint or was a controlling force behind such infringement.

17.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 20, inclusive, are unknown to Blizzard, which sues said defendants by such fictitious names (the "Doe Defendants"). If necessary, Blizzard will seek leave to amend this complaint to state their true names and capacities. Blizzard also is informed and believes, and on that basis alleges, that Doe 1 a/k/a simosimo2018ab@gmail.com and Doe 2 a/k/a "SIMDEV" are individuals or entities directly engaged in the development, promotion, and distribution of the Infringing Game (particularly via the Amazon.com App Store), and that all of the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. (All of the Defendants, including the Doe Defendants, collectively are referred to herein as "Defendants").

18.     Blizzard is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, all of the Defendants acted in concert to knowingly cause, facilitate, control, induce, or otherwise participate in the infringement alleged in this Complaint.

## **Blizzard and its Games**

19.     Blizzard is a computer game developer and publisher, engaged in the business of developing, producing, marketing and distributing high-quality computer and video games. Among Blizzard's products are the games in the *Warcraft* game franchise (the "Warcraft Games), which include the strategy game *Warcraft III*, the online role-playing game *World of Warcraft* (and its expansions), the online collectible card game *Hearthstone*. The Warcraft Games are among the most successful games ever created, have been played by millions of people around the world, and have won countless industry awards.

Mitchell
Silberberg &
Knupp LLP

11248261.2

20.     The first Warcraft Game, *Warcraft: Orcs and Humans*, was released in 1994, followed by *Warcraft II* in 1995, and *Warcraft III* in 2002.  *Warcraft I, II, and III* are computer strategy games, in which the player takes control of an army of fantastical humanoids and creatures and engages in battle with opponents across a persistent series of mythical landscapes.  *Warcraft III* is one of the most popular strategy games in the world, including in China, and has been played, and continues to be played, by millions of people around the world.

21.     In 2004, Blizzard released the hugely popular and groundbreaking game *World of Warcraft*, an online role-playing game featuring the locations, characters, creatures, monsters, and "lore" (*i.e.,* mythical history) first developed in *Warcraft III* and other *Warcraft* games.  Blizzard has released seven "expansion packs" to *World of Warcraft* that continue or expand the game's story and that introduce new characters, regions, monsters, and other game content.  The most recent *World of Warcraft* expansion (*Battle for Azeroth*) was released in 2018. *World of Warcraft* has been played, and continues to be played, by millions of people around the world.  *World of Warcraft* remains to this day one of the most popular online role-playing games in the world (if not the most popular.)  *World of Warcraft* is particularly popular in China, where certain of the Defendants are located, and in the United States, which is among the countries targeted by Defendants.

22.     In addition to the *Warcraft* strategy games and *World of Warcraft*, Blizzard has developed and released the competitive online games *Hearthstone* and *Heroes of the Storm*.  These games feature characters, monsters, creatures and other content from *Warcraft III* and *World of Warcraft*.  *Hearthstone* is among the world's most popular online collectible digital card games.  *Heroes of the Storm* is an online team-based multiplayer game in which players can elect to play as one of many well-known characters from the Warcraft Games.  Millions of people around the world have played, and continue to play, *Hearthstone* and *Heroes of the Storm*.

23.     Blizzard is the owner of valid and subsisting registered copyrights in each of the Warcraft Games.  A list of the Warcraft Games at issue and their copyright registration numbers is attached hereto as **Schedule A**.

24.     All of the Warcraft Games take place in the same fictional universe: the world of "Azeroth."  Azeroth is a massive and detailed fantasy world containing cities, dungeons, wilderness landscapes, and unusual structures and buildings.  Azeroth is populated by a diverse set of unusual and distinctive mythical races, creatures, animals, people, monsters, and characters.  Azeroth, its landscapes, its cities, its structures, and its inhabitants are depicted visually within the Warcraft Games.

25.     In addition to its depiction in the Warcraft Games, the unique fictional world of *Warcraft* is expressed, depicted, and further developed in a variety of licensed fictional works and tie-in products and merchandise such as comic books, novels, art books, posters, action figures, board games, card games, tabletop role-playing games, encyclopedias, and a major motion picture.  Collectively, the Warcraft Games and Blizzard's licensed *Warcraft*-related works, products, and merchandise comprise an overarching "Warcraft Universe."  The creatures, animals, people, monsters, and characters that inhabit or comprise the Warcraft Universe are depicted and portrayed in a distinct and consistent manner in the Warcraft Games and in all *Warcraft*-related tie-in products and merchandise.

26.     Several distinct humanoid or anthropomorphic "races" populate the Warcraft Universe, including Humans, Elves, Orcs, Trolls, Dwarves, Gnomes, Tauren, and Pandaren.  These various "races" have distinct and unique appearances, wear distinctive costumes or armor, and ride distinct mounts or vehicles.  For example, Night Elves in the Warcraft Universe appear as tall purple-skinned humanoids with huge, exaggerated ears and green or blue hair.  Orcs appear as huge, muscular green or brown humanoids with pointed ears and large protruding teeth or tusks in their lower jaw.  Trolls in the Warcraft Universe appear

Mitchell
Silberberg &
Knupp LLP

11248261.2

10

as tall but hunched-over, with blue or purple skin, long tusks protruding from their jowls or lower jaws, long, pointy noses and ears, and large crests of colorful hair.

27.     The Warcraft Universe also includes hundreds of different animal species, creatures, and monsters.  Some creatures and monsters that players of the Warcraft Games frequently encounter in the Games are "Murlocs," "Frostwolves," "Cinder Kittens," "Razzashi Raptors," and "Hawkstriders."  All of these animals and creatures are depicted in a distinct and consistent manner in the Warcraft Games and in products depicting the Warcraft Universe.

28.     The Warcraft Universe includes many distinct, recurring, and immediately recognizable characters, including both heroes and villains.  These characters have unique names and appearances, wear distinctive clothing, use distinctive "signature" weapons, and have unique powers and abilities.  For example, Illidan Stormrage is a Night-Elf-turned-demon, usually depicted as a muscular purple-skinned Night Elf with long black hair and intricate tattoos adorning his torso and arms.  He typically wears long frayed pants and a loincloth, and wields two long, distinct, bladed weapons.  Jaina Proudmoore is a blond-haired human wizard who typically wears a blue dress and hooded cloak and carries a long staff topped with a glowing ice shard.  Sylvannas Windrunner is a Night Elf who carries a distinctive bow, has glowing eyes, and wears a hooded cloak and purple armor.  Many of these unique Warcraft characters are depicted in action figures, comic books, novels, and artwork.

29.     Many other distinct and protectable elements are embodied and encompassed within the Warcraft Games and Warcraft Universe.  These include, but are not limited to, fictional locations and landmarks such as the city of Stormwind; in-game "icons" (small pieces of artwork) that represent spells, abilities, weapons, amulets, or other items usable by players; unique-looking vehicles or rideable "mounts" such as airships, "Mekgineer Choppers," and giant

Mitchell
Silberberg &
Knupp LLP

11248261.2

turtles; dungeons such as "Blackwing Lair" or the "Temple of Ahn'qiraj"; and distinct sound and musical effects.

30.     Each of the creatures, characters, races, monsters, locations, icons, sound files, artwork, objects, buildings, vehicles, weapons, and other assets that comprise the Warcraft Games and Warcraft Universe are the product of extensive talent, creativity, and artistry on the part of Blizzard's artists, programmers, digital modelers, and sound designers.  As such, they represent Blizzard's unique and protectable creative expression.

## Defendants and The Infringing Game

31.     Because of the immense popularity of the Warcraft Games and Warcraft Universe, unethical game developers or publishers often attempt to trade off of Blizzard's intellectual property by appropriating for their games characters, creatures, monsters, or other creative elements from the Warcraft Games and related products.  Defendants' Infringing Game is among the latest to do so.

32.     Blizzard is informed and believes, and on that basis alleges, that Defendants are a group of affiliated companies that together are in the business of developing, marketing, distributing, and monetizing mobile or web-based games designed to be played on mobile phones or computer Internet browsers. Defendants' games have been, and currently are, played by individuals around the world, including individuals located in the United States.  Many of Defendants' games are based on or include characters from well-known entertainment franchises such as "Pokémon," "Yu-Gi-Oh!," and "Naruto."  Blizzard is informed and believes, and on that basis alleges, that Defendants exploit all of these third party intellectual properties without license or authorization from the copyright owners.  Thus a substantial part of Defendants' business (if not the entirety of their business) is making and selling knock-off games that infringe popular entertainment properties.

Mitchell
Silberberg &
Knupp LLP

11248261.2

12

33.     Blizzard is informed and believes, and on that basis alleges, that Defendants are the developers, publishers, and/or distributors of "Glorious Saga," the Infringing Game.  Defendants or those working in concert with them released the Infringing Game to the public in or about October 2018.  At the time of its release, the Infringing Game was made available to be played by any member of the public around the world through Defendants' website (https://pc.gs.instantfuns.com/) (the "InstantFuns Website").  Defendants also made the Infringing Game available to members of the public via the Amazon App Store and through an Instantfuns mobile "portal" downloadable from the Google Play store and other Android distribution platforms.  Players can access and play the Infringing Game either by using a web browser on a personal computer, or by using a mobile phone or other portable device with an Internet connection.

34.     Blizzard is informed and believes, and on that basis alleges, that no later than October 2018, Defendants began a marketing campaign for the Infringing Game.  Defendants' marketing campaign included a dedicated website and a dedicated Facebook page.  Defendants also entered into contracts with third-party payment services such as Xsolla, SafeCharge, and Gate2Shop, in order to enable customers around the world to spend money in connection with the Infringing Game without paying Google or Amazon, in violation of their developer agreements with these platforms.

35.     Defendants offer the Infringing Game on a "free-to-play" basis. Defendants do not charge users to play the Infringing Game.  Instead, Defendants generate revenue by selling to their users (for actual currency) virtual currency in the form of "Khorium" gems.  This virtual currency then can be used to acquire or unlock new characters, character upgrades, weapons, and character customizations such as clothing and armor.  Defendants sell "packs" of in-game currency for amounts ranging from $1.99 for 237 Khorium to $399.99 for 15,999 Khorium. Defendants' business thus relies on attracting a large body of users to download

Mitchell
Silberberg &
Knupp LLP

13

11248261.2

their games, intending that some portion of those users will play the game for a sustained period of time and spend money to unlock or acquire additional content.

36.     In the Infringing Game, players take control of a computer-animated hero or team of heroes assembled from a roster of characters.  Players then use their hero to battle monsters and other antagonists across two-dimensional computer-generated locations.  As the player continues to play the Infringing Game, he or she unlocks new heroes and skills, acquires new weapons, armor, or magical trinkets, and gains the ability to visit new locations or "dungeons."

37.     Blizzard is informed and believes, and on that basis alleges, that at all relevant times Defendants had access to the Warcraft Games and other licensed Warcraft products and were aware of their massive popularity throughout the world.  Without license or authorization from Blizzard, Defendants incorporated or copied into the Infringing Game and marketing materials for the Infringing Game (including Defendants' website and Facebook page) dozens, if not hundreds, of visual, audiovisual, musical, artistic and other expressive elements that were directly copied from and/or substantially similar to, those contained or depicted in the Warcraft Games or the Warcraft Universe.

38.     Among the protected elements that Defendants appropriated from the Warcraft Games and the Warcraft Universe are visual depictions of Blizzard's characters, races, creatures, animals, and monsters; Blizzard's in-game artwork or concept artwork; Blizzard's in-game icon artwork; visual depictions of locations and landmarks which appear in Blizzard's games; and Blizzard's sound and/or music files.  In many instances, Defendants describe their in-game content using the same names, titles, or descriptions used by Blizzard in the Warcraft Games or the Warcraft Universe.  A few examples are illustrated below:

1
2
3
4
5
6
7
8
9
10



"Event Boss" from
*Glorious Saga*

Illidan Stormrage from
*World of Warcraft*

11
12
13
14
15
16
17
18
19





Malfurion from *Glorious
Saga*

Malfurion from *Heroes of
the Storm*

20
21
22
23
24
25
26
27
28





Gul'dan/Orc Warlock from
*Glorious Saga*

Gul'dan from *World of
Warcraft*





| Hellscream's Warsong from *Glorious Saga* | Grommash Hellscream from *World of Warcraft* |

39. The foregoing is just a sampling of Defendants' infringement. The full extent of Defendants' copying can be appreciated only by review of the Infringing Game and promotions for the Infringing Game posted on Defendants' websites and social media pages. By way of example, and without limitation, Blizzard alleges that the similarities depicted in **Exhibit 1**, attached hereto and incorporated by reference herein, are additional representative samples of Defendants' pervasive infringement of the Warcraft Games.

40. In addition to copying individual characters, creatures, races, and other protectable elements of the Warcraft Games, Defendants copied the overall selection and arrangement of such elements, including but not limited to the collection of characters, races, creatures, monsters, animals, spells, powers, weapons, vehicles, armor, amulets and magical trinkets that players encounter in the Warcraft Games, including specific sets of powers and traits that are unique to particular characters and races.

41.     Blizzard is informed and believes, and on that basis alleges, that Defendants' use of Blizzard's well-known and highly valuable intellectual property was willful and intentional.  Defendants designed and marketed their games with the intention of capturing the attention of the tens of millions of consumers who are fans of the Warcraft Games.  Because Defendants' "free-to-play" business model relies on attracting a large body of users to download their games, Defendants made a concerted decision to trade off Blizzard's intellectual property and to use it to entice potential customers to play the game.  For example, Defendants embed on their website or social media pages "keywords" such as "World of Warcraft"; use a game icon and logo designed to look like *Warcraft* game box covers or key art; and regularly post promotional images that feature *Warcraft* characters.  As a result, all or virtually all of the revenue received by Defendants is attributable to the infringement.

42.     Blizzard is informed and believes, and on that basis alleges, that Defendants also know that their game infringes Blizzard's copyrights and that their conduct is unlawful.  Members of the public repeatedly have commented on the similarities between the Warcraft Games and the Infringing Game.  As one gaming publication noted: "Players of World of Warcraft or Warcraft III will see lots of familiar aspects."[1]  Likewise, visitors to Defendants' social media pages repeatedly have criticized Defendants for stealing Blizzard's intellectual property.  For example, among recent posts to Defendants' Facebook page were the following

- "Wow.  What a [expletive] nerve you have to blatantly steal the property of another company and claim it as your own."

- "Blizzard get your lawyers in here."

- "It is all a DIRECT ripoff of Warcraft…  Warcraft is my favorite and here you are… STEALING IT."

---

[1]  https://mmohuts.com/game/glorious-saga/.

Mitchell
Silberberg &
Knupp LLP

11248261.2

- "I'm sure Blizzard would love to see this game!"
- "Wow, rip off World of Warcraft much??"
- "Gotta love all the World of Warcraft content ripoffs."

43.    Blizzard is informed and believes, and on that basis alleges, that Defendants' representatives have seen and read the comments and discussions about the infringing nature of the Infringing Game, and from time to time delete such comments from their social media.

44.    Blizzard is informed and believes, and on that basis alleges, that in an effort to evade infringement liability, Defendants have made a significant effort to conceal the true identities and locations of the developers of the Infringing Game. For example, Defendants have distributed and marketed the Infringing Game using a variety of shell companies located in Hong Kong and the British Virgin Islands. Blizzard is informed and believes, and on that basis alleges, that the individual Defendants (Wang and Zhou) created, manage, and run many of these shell companies and did so as part of an overarching scheme to deceive Blizzard or members of the public.  Accordingly, discovery is necessary to determine the names and locations of all of the people and entities involved with the Infringing Game.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement

45.    Blizzard realleges and incorporates by reference the allegations in paragraphs 1through 40, as if set forth fully herein.

46.    Blizzard is the owner of valid and registered copyrights in each of the Warcraft Games.

47.    Defendants have infringed, and are continuing to infringe, Blizzard's copyrights in the Warcraft Games by reproducing, adapting, distributing, publicly performing, and publicly displaying, and authorizing others to reproduce, adapt,

Mitchell
Silberberg &
Knupp LLP

11248261.2

18

distribute, publicly perform, and publicly display copyrighted elements of the Warcraft Games without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

48.     Blizzard has never authorized or given consent to Defendants to use their copyrighted works in the manner complained of herein.

49.     Defendants' acts of infringement are willful, in disregard of, and with indifference to Blizzard's rights.

50.     As a direct and proximate result of the infringements alleged herein, Blizzard is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Blizzard is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

51.     Blizzard further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

52.     As a result of Defendants' acts and conduct, Blizzard has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.  Blizzard is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Blizzard's rights in the Warcraft Games.  Blizzard is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Blizzard prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, an Order:

1.     Preliminarily and permanently enjoining Defendants, their officers, employees, agents, subsidiaries, representatives, distributors, dealers, members,

Mitchell
Silberberg &
Knupp LLP

11248261.2

affiliates, licensees, internet service providers, and all persons acting in concert or participation with them, or under their direction or control, from any of the following activities:

(a)     Distributing, reproducing, uploading, making available for download, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting the Infringing Game or any other game that infringes Blizzard's copyrights;

(b)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to distribute, reproduce, upload, make available for download, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit the Infringing Game or any other game that infringes Blizzard's copyrights;

(c)     Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with distributing, reproducing, uploading, making available for download, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting the Infringing Game or use or any other game that infringes Blizzard's copyrights;

(d)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits the Infringing Game or any other game that infringes Blizzard's copyrights;

(e)    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

2.    Requiring Defendants, pursuant to 17 U.S.C. § 503, to deliver to Blizzard all copies of materials that infringe or violate any of Blizzard's rights described herein, including but not limited to any copies of the Infringing Game and its source code and all servers, hard drives, or computers on which the Infringing Game is stored and maintained.

3.    Requiring Defendants or their service providers, including Facebook, Twitter, Xsolla, and Yesup Ecommerce Solutions, Inc., to delete or remove all social media accounts and pages related to the Infringing Game and to immediately delete or remove all materials related to the Infringing Game from their servers.

4.    Requiring Defendants to provide Blizzard with an accounting of any and all revenue and profits derived from the Infringing Game.

5.    Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the domain name h5.gs.instantfuns.com or any other domain name used in connection with Defendants' infringing activities (including but not limited to GoDaddy.com) to transfer such domain name to Blizzard's ownership and control, including, *inter alia,* by changing the registrar of record to the registrar of Blizzard's choosing, unless Blizzard requests that such domain name be held and/or released rather than transferred.

6.    Declaring that Defendants willfully infringed Blizzard's copyrights.

7.    Awarding Blizzard monetary relief including damages sustained by Blizzard in an amount not yet determined, including actual damages and/or Defendants' profits, or statutory damages for copyright infringement and willful

Mitchell
Silberberg &
Knupp LLP

11248261.2

copyright infringement, in an amount up to $150,000 per infringed work under 17 U.S.C. § 504, as appropriate.

8.    Awarding Blizzard its costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505, 17 U.S.C. 512(f) and other applicable laws.

9.    Awarding such other and further relief as this Court may deem just and appropriate.


DATED: August 16, 2019              MARC E. MAYER
                                    MARK C. HUMPHREY
                                    MITCHELL SILBERBERG & KNUPP LLP


                              By:   /s/ Marc E. Mayer
                                    Marc E. Mayer
                                    Attorneys for Plaintiff
                                    Blizzard Entertainment, Inc.

Mitchell
Silberberg &
Knupp LLP

11248261.2

1

## **DEMAND FOR JURY TRIAL**

2

3    Plaintiff Blizzard Entertainment, Inc. ("Blizzard") hereby demands a trial by

4    jury on all issues so triable.

5

6    DATED: August 16, 2019              MARC E. MAYER
                                          MARK C. HUMPHREY
7                                         MITCHELL SILBERBERG & KNUPP LLP

8
                                          By:   /s/ Marc E. Mayer
9                                               Marc E. Mayer
                                                Attorneys for Plaintiff
10                                              Blizzard Entertainment, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

11248261.2