| | |
|---|---|
| DIANA M. RUTOWSKI (SBN 233878)<br>drutowski@orrick.com<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025-1015<br>Telephone: +1 650 614 7400<br>Facsimile: +1 650 614 7401<br><br>Attorneys for Defendant<br>JOYFUN INC CO., LIMITED | DAVID C. BUXBAUM (SBN 97235)<br>PAMELA DABDOUB (SBN 321253)<br>Anderson & Anderson LLP 355 South Grand Ave., Suite 2450, Los Angeles, CA 90071 213-608-0855 1-866-930-0009 Anderson@anallp.com<br><br>Attorney for Defendants ZROAD (HONG KONG) CO. LIMITED and ZROAD, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOYFUN INC CO., LIMITED a/k/a SINA GAMES OVERSEAS (新浪游戏海外), a company organized under the laws of Hong Kong; ZROAD (HONGKONG) CO., LIMITED d/b/a INSTANTFUNS, a company organized under the laws of Hong Kong; INTELLIGENT JOYFUL INTERNATIONAL LIMITED, a company organized under the laws of the British Virgin Islands; ZROAD, INC., a company organized under the laws of the British Virgin Islands; SHANGHAI ZHOUZHONG NETWORK TECHNOLOGY CO., LTD. (上海洲众网络科技有限公司), a company organized under the laws of China; SHANGHAI YINFAN NETWORK TECHNOLOGY CO., LTD. (上海茵繁网络科技有限公司),a company organized under the laws of China; WANG HAO (王昊) a/k/a HOWELL WANG, an individual; LUTONG ZHOU a/k/a CARLY ZHOU, an individual; DOE 1 a/k/a "simosimo2018ab@gmail.com;" DOE 2 a/k/a SIMDEV; and DOES 3 through 10, inclusive,<br><br>Defendants. | Case No. 8:19-cv-01582-JVS-DFM<br><br>**DEFENDANT JOYFUN AND ZROAD'S UNOPPOSED EX PARTE APPLICATION TO CONTINUE RULE 16 SCHEDULING CONFERENCE**<br><br>Judge: Hon. James V. Selna |

1    Defendant Joyfun Inc. Co. Limited ("Joyfun") and Defendants ZRoad (Hong Kong) Co., Limited and ZRoad, Inc. (collectively, "ZRoad") hereby apply, *ex parte*, for an order continuing the scheduling conference currently set for November 4, 2019. By stipulation, Joyfun and ZRoad's deadline to respond to Plaintiff Blizzard Entertainment, Inc.'s ("Blizzard") complaint has been extended to October 31, 2019. *See* ECF No. 17. Joyfun and ZRoad seek relief via this *ex parte* application in light of the fact that the November 4, 2019 scheduling conference is soon approaching. This *ex parte* application was served by e-mail on counsel for Blizzard. Blizzard's counsel indicated that it will not oppose this *ex parte* application.

Joyfun and ZRoad—the only served defendants with an upcoming response deadline—have until October 31, 2019 to respond to Blizzard's complaint, at which time Joyfun anticipates filing a motion to dismiss for, *inter alia*, lack of personal jurisdiction. Joyfun discussed with Blizzard's counsel setting a mutually agreeable briefing schedule and expects that the motion will be set to be heard in December, or possibly January. ZRoad is also considering filing a motion on October 31. Further, Blizzard indicated that it is still in the process of locating and serving several defendants in this action through third-party discovery. Good cause exists for a short continuance of the scheduling conference and associated deadlines until any motions to dismiss are decided or, in the alternative, until February 3, 2020 or a date the Court prefers while these issues are resolved in order to maximize judicial economy and prevent the unnecessary expenditure resources by the Court and parties.

## I.  GOOD CAUSE EXISTS TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE

The initial case management conference is currently set for November 4, 2019. "A district court possesses an inherent authority to stay proceedings that is

- 2 -

DEFENDANT JOYFUN AND ZROAD'S
UNOPPOSED EX PARTE APPLICATION TO
CONTINUE RULE 16 SCHEDULING CONFERENCE
CASE NO. 8:19-cv-01582-JVS-DFM

'incidental to the power inherent in every court to control the disposition of the causes of the docket with economy of time and effort for itself, for counsel, and for litigants.'" *Benjamin v. Bixby*, 1:08CV1025 AWI DLB, 2009 WL 2422996, at *1 (E.D. Cal. Aug. 5, 2009) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see also Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds*, ("District courts have inherent authority to stay proceedings before them.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A scheduling order may be continued under "good cause" under Rule 16(b).

Accordingly, district courts in the Ninth Circuit have continued Rule 16 scheduling conferences pending motions to dismiss, including, *inter alia*, jurisdictional objections. *Bloosky Interactive LLC v. Viable Mktg. Corp.*, No. SACV100400AGMLGX, 2010 WL 11596127, at *1 (C.D. Cal. June 11, 2010) (*sua sponte* continuing Rule 16 scheduling conference due to necessity of supplemental briefing concerning defendant's jurisdictional motion); *Hokanson v. Wells Fargo Bank, N.A.*, No. LACV1208752JAKSHX, 2013 WL 12142609, at *2 (C.D. Cal. Feb. 6, 2013) (continuing Rule 16 scheduling conference to hearing date on pending motion to dismiss; court subsequently entered several continuances until granting motion to dismiss second amended complaint with prejudice); *see also AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-CV-00146-LDG, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) (recognizing that "a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved" and staying all party discovery, including "Rule 26(a) disclosures, Rule 33 interrogatories, Rule 34 requests, or Rule 36 requests for admission," without prejudice to plaintiff's ability to request jurisdictional discovery).

Here, a short continuance of the case management conference and associated

- 3 -

DEFENDANT JOYFUN AND ZROAD'S
UNOPPOSED EX PARTE APPLICATION TO
CONTINUE RULE 16 SCHEDULING CONFERENCE
CASE NO. 8:19-CV-01582-JVS-DFM

deadlines is warranted in order to prevent the Court and the parties from unnecessarily spending time and resources. First, Joyfun and ZRoad—the only served defendants with an upcoming response deadline—have not yet responded to the complaint and have a current deadline to do so of October 31. Continuing the case management deadlines will allow the parties to have a more meaningful Rule 26(f) conference regarding initial disclosures, any issues about preserving discoverable information, the development of a proposed discovery plan, and the best options for ADR *after* the contemplated motion(s) are heard by the Court. Second, Joyfun and ZRoad anticipate filing motions to dismiss for, *inter alia*, lack of personal jurisdiction on October 31. Such motions could potentially end, or at least streamline, the litigation. Third, Blizzard served non-party subpoenas and indicated that it hopes the responses will help determine which defendants properly belong in this litigation (and whether any do not), and the whereabouts of named defendants that have yet to be served. Rutowski Decl.[1] ¶ 3. It is unlikely these issues will be resolved before the November 4 conference. Nor would a continuance prejudice Blizzard. Indeed, Joyfun and Zroad submit that the additional time will allow Blizzard to make a more informed decision about the direction of this case and appropriate schedule.

There is good cause for a short continuance.

## II. **PLAINTIFF DOES NOT OPPOSE THIS REQUEST FOR RELIEF**

Counsel for Joyfun and ZRoad met and conferred with counsel for Blizzard regarding this request to continue. Blizzard's counsel indicated that it does not oppose this motion. Rutowski Decl. ¶ 4.

## III. **CONCLUSION**

For the foregoing reasons, Joyfun and ZRoad respectfully request this Court

---

[1] All "Rutowski Decl." citations refer to the concurrently filed Declaration of Diana Rutowski dated October 17, 2019.

- 4 -

DEFENDANT JOYFUN AND ZROAD'S
UNOPPOSED EX PARTE APPLICATION TO
CONTINUE RULE 16 SCHEDULING CONFERENCE
CASE NO. 8:19-CV-01582-JVS-DFM

Case 8:19-cv-01582-JVS-DFM   Document 26   Filed 10/17/19   Page 5 of 5   Page ID #:273

continue the November 4 scheduling conference until the resolution of any motions to dismiss, or until February 3, 2020, or another date the Court prefers, with other associated deadlines extended accordingly.[2]

Dated: October 17, 2019         Orrick, Herrington & Sutcliffe LLP

                                By:     */s/ Diana Rutowski*
                                        DIANA M. RUTOWSKI

                                Attorneys for Defendant
                                JOYFUN INC CO., LIMITED

Dated: October 17, 2019         Anderson & Anderson LLP

                                By:     */s/ Pamela Dabdoub*
                                        PAMELA DABDOUB

                                Attorneys for Defendants
                                ZROAD (HONG KONG) CO.,
                                LIMITED and ZROAD, INC.

## FILER'S ATTESTATION

I, Diana M. Rutowski, am the ECF user whose ID and password were used to file this *Ex Parte* Application to Continue the Rule 16 Scheduling Conference. Pursuant to L.R. 5-4.3.4.(a)(2), I hereby attest that counsel for ZRoad, Anderson & Anderson LLP, concurred in the filing of this document.

                                        */s/ Diana Rutowski*
                                        DIANA M. RUTOWSKI

---

[2] For the avoidance of doubt, Joyfun and ZRoad submit this *ex parte* application without prejudice to their personal jurisdictional objections. *See, e.g., Mollicone v. Universal Handicraft, Inc.*, No. 216CV07322CASMRWX, 2017 WL 440257, at *6 (C.D. Cal. Jan. 30, 2017)).

DEFENDANT JOYFUN AND ZROAD'S
UNOPPOSED EX PARTE APPLICATION TO
CONTINUE RULE 16 SCHEDULING CONFERENCE
CASE NO. 8:19-cv-01582-JVS-DFM