PAMELA DABDOUB (SBN 321253)
DAVID C. BUXBAUM (SBN 97235)
Anderson & Anderson LLP
355 South Grand Ave., Suite 2450,
Los Angeles, CA 90071
Tel: (213) 608-0855
Fax: (866) 866-930-0009
Email: Anderson@anallp.com
Email: Anderson.losangeles@anallp.com

Attorney for Defendant
Zroad, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., | CASE NO. 8:19-cv-01582-JVS-DFM |
| Plaintiff, | |
| v. | |
| JOYFUN INC CO., LIMITED a/k/a SINA GAMES OVERSEAS (新浪游戏海外), a company organized under the laws of Hong Kong; ZROAD (HONGKONG) CO., LIMITED d/b/a INSTANTFUNS, a company organized under the laws of Hong Kong; INTELLIGENT JOYFUL INTERNATIONAL LIMITED, a company organized under the laws of the British Virgin Islands; ZROAD, INC., a company organized under the laws of the British Virgin Islands; SHANGHAI ZHOUZHONG NETWORK TECHNOLOGY CO., LTD. (上海洲众网络科技有限公司), a company organized under the laws of China; SHANGHAI YINFAN NETWORK TECHNOLOGY CO., LTD. (上海茵繁网络科技有限公司),a company organized under the laws of China; WANG HAO (王昊) a/k/a HOWELL WANG, an individual; LUTONG ZHOU a/k/a CARLY ZHOU, an individual; DOE 1 a/k/a "simosimo2018ab@gmail.com;" DOE 2 a/k/a SIMDEV; and DOES 3 through 10, inclusive, | **NOTICE OF MOTION, MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED BY DEFENDANT ZROAD, INC. AND SUPPORTING AFFIDAVIT OF CARLY ZHOU**<br><br>DATE: January 13, 2020<br>TIME:<br>JUDGE: Honorable James V. Selna<br>CTRM: |
| Defendants. | |

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on January 13, 2020, before the Honorable James V. Selna, United States District Court for the Central District of California, 255 East Temple Street,  Defendant Zroad Inc., will and hereby do move the Court to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following the conference with counsel for Plaintiff, Blizzard, pursuant to L.R. 7-3 which took place on November 18, 2019 at 4:00 p.m (seven days prior to the last day for filing the motion). Counsel were unable to reach a resolution.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. The Plaintiff has failed to establish that the Court has jurisdiction over Zroad Inc. and has failed to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Affirmation of Carly Zhou in support of this Motion; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

Dated: November 25, 2019

By: _____/s/_____

PAMELA DABDOUB

DAVID C BUXBAUM

Anderson and Anderson LLP

Attorneys for Defendant Zroad Inc.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

I.   INTRODUCTION AND FACTUAL ALLEGATIONS……………………………… 7

II.   ARGUMENT …………………………………………………………………………..8

A.  The First Amended Complaint Should be Dismissed for Lack of Personal Jurisdiction……..8

   1. The Defendant did not purposefully direct its activities toward the forum nor did it purposefully avail itself of the privileges of conducting activities in the forum state. ……10

   2. The present claim does not arise out of, or relate to, the Defendant's forum-related activities. …………………………………………………………………………..12

   3. Exercising jurisdiction would not comport with fair play and substantial justice. ……….13
      i.   The extent of defendants' purposeful injection into the forum state's affairs……...14
      ii.  The burden on the defendant of defending in the forum………………………………14
      iii. The extent of conflict with the sovereignty of the defendant's state………………14
      iv.  The forum state's interest in adjudicating the dispute ……………………………15
      v.   The most efficient judicial resolution of the controversy…………………..…………15
      vi.  The importance of the forum to plaintiff's interest in convenient and effective relief……………………………………………………………………………16
      vii. The existence of an alternative forum…..……………………………………………...16

B.  The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction……………..17

   1.The Plaintiff has failed to establish it has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical. …………………18

   2.The alleged injury is not traceable to the challenged action of the Defendant...…………19

   3.The injury will not be redressed by a favorable decision…………………………………20

C.  The Complaint Should be Dismissed for Failure to State a Claim upon which Relief can be Granted. …………………………………………... …………………………………21

III.   CONCLUSION……………………………………………...……………………..22

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Bell Atl. Corp. v. Twombly* ……………………………………... ………………….…..21

4

5
      (2007) 550 U.S. 544 [127 S.Ct. 1955, 1961, 167 L.Ed.2d 929, 929]

6
*Bristol-Myers Squibb Co. v. Superior Court,* ……………………………………... ………9

7
      137 S. Ct. 1773 (2017)

8
*Burger King,* ……………………………………………………..…………... ………9

9
      471 U.S.

10
*Corporate Inv. Business Brokers v. Melcher,* ……………………………………... ……..16

11

12
      (9th Cir. 1987) 824 F.2d 786

13
*Covington v. Jefferson County,* ……………………………………………..…... …..17

14
      358 F.3d 626, (9th Cir. 2004).

15
*Cybersell, Inc.,* , …………………………………...………………………….....10

16
      130 F.3d 414

17
*Dole Food Co., Inc. v. Watts,* ……………………………………………... ………9

18
      303 F.3d 1104 (9th Cir. 2002).

19
*Gould, Inc. v. Health Sciences, Inc.,* ……………………………………... ………………15

20
      54 Cal. App. 3d 687, 126 Cal. Rptr. 726 (1976)

21

22
*Graco Minnesota Inc. v. PF Brands, Inc.,* , ……………………………………... ………11

23
      (S.D. Cal. Apr. 17, 2019)

24
*Int'l Shoe Co. v. Washington,* ………………………………………... ………………….8

25
      326 U.S. 310 (1945)

26
*Kendall v. Visa U.S.A., Inc.,* ……………………………………... …………………..21

27

28
      518 F.3d 1042 (9th Cir. 2008)

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Lindora, LLC v. Isagenix Int'l, LLC,* …………………………………………...........................11

    198 F. Supp. 3d 1127 (S.D. Cal. 2016)

*Loomis v. Slendertone Distrib., Inc.* …………………………………………... ..………………10

    (S.D.Cal. Nov. 4, 2019)

*Love v. Assoc. Newspapers, Ltd.*, …………………………………………... ..……………....……9

    611 F.3d 601 (9th Cir. 2010)

*Lujan v. Defenders of Wildlife,* …………………………………………... ..……………………17

    (1992) 504 U.S. 555

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, …………………………………………... ..…………8

    647 F.3d 1218 (9th Cir. 2011)

*Padilla v. Yoo*, …………………………………………... ..…………………………………21

    678 F.3d 748 (9th Cir. 2012)

*Panavision Int'l, L.P. v. Toeppen*…………………………………………....………………………14

    (9th Cir. 1998) 141 F.3d 1316.

*Picot*,…………………………………………...........................................................………11

    780 F.3d at 1215

*Schwarzenegger v. Fred Martin Motor Co.*, …………………………………………... ..………..9

    374 F.3d 797 (9th Cir. 2004)

*Simon v. E. Ky. Welfare Rights Org*…………………………………………... ..…………………20

    (1976) 426 U.S. 26

*Walden v. Fiore,* …………………………………………... ..……………..…………8

    134 S. Ct. 1115 (2014)

*Warth v. Seldin*…………………………………………... ..…………………………………18

    (1975) 422 U.S. 490

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Watson v. Weeks*, …………………………………... ……………………………………..21

   436 F.3d 1152 (9th Cir. 2006)

*Williams v. Yamaha Motor Co.*, ………………………………………... ……………………8

   851 F.3d 1015 (9th Cir. 2017)

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, . ………………………………………...…………10

   952 F. Supp. 1119 (W.D. Pa. 1997)

**Rules and Statutes**

Federal Rule of Civil Procedure 4(k)(1)(A) …………………………………...………8

Federal Rule of Civil Procedure 12(b)(6) …………………………………... ..…………21

United States Constitution Article III, Section 2.………………………………………... ..…..17

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL ALLEGATIONS

Blizzard Entertainment (hereinafter "Plaintiff") is an important multinational corporation with offices around the world, has commenced this action against Zroad, Inc. (hereinafter "Defendant"), which Plaintiff admits is a shell corporation without employees or offices, for alleged infringement of intellectual property. Plaintiff claims that each Defendant engaged in, contributed to, and induced the infringing conduct at issue within the United States and the State of California and have purposefully directed their activities at the United States and at California. (First Amended Complaint ¶ 6). Plaintiff further states that each Defendant or their respective agents are doing or have been doing business in the State of California and the United States. (Id. ¶ 6 (a)) The business Plaintiff is referring to is that of distributing, selling, marketing, and advertising of the alleged infringing game through California based platforms such as Google Play, Cloudflare, and Facebook. (Id.) Plaintiffs additionally allege that Defendants have entered into contracts and financial transactions, with persons or entities in the United States. (Id. ¶ 6 (b) and (c)) Lastly, Plaintiffs claim that Defendants engaged in infringing acts in the State of California by having knowingly uploaded alleged infringing content on mobile platforms such as Google Play Store, Facebook, and Microsoft Store, in addition to licensing the alleged infringing content to persons or entities in the United States and knowingly financing and supporting and otherwise causing the production, marketing and distribution of the alleged infringing content with knowledge of its infringing nature. (Id. ¶ 6 (d))

Plaintiff specifically alleges that Defendant Zroad Inc. is a direct or indirect affiliate of ZRoad HK and/or Sina Games who Plaintiff alleges, under information and belief to be the developer, distributor and/or publisher of the alleged infringing game. (Id. ¶ 12) Additionally, Plaintiff alleges that Zroad Inc. is a shell company without offices or employees and exists in

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

whole or in part to obscure the actual parties responsible for the alleged infringing game. (Id.) Finally, Plaintiff alleges that Zroad Inc. has purported to be among the owners or prior owners of the copyright of the alleged infringing game and related websites. (Id.)

Zroad Inc. met and conferred with Plaintiff in preparation of filing its Motion to Dismiss the Original Complaint filed on August 16, 2019 to explain to Plaintiff that they were not involved in the distribution, sale, marketing or advertising of the alleged infringing game in California, the United States or elsewhere. However, even after Defendant stipulated to allow Plaintiff to file the First Amended Complaint and correct the deficiencies in its original pleading, Plaintiff has still failed to establish that the Court has jurisdiction over this Defendant.

Therefore, Defendants now moves to dismiss Plaintiff's Complaint, on the grounds that it fails to allege sufficient facts to establish jurisdiction over the Defendants.

## II.    ARGUMENT

### A.  The First Amended Complaint Should be Dismissed for Lack of Personal Jurisdiction

Federal courts apply state law to determine the bounds of their jurisdiction over a party. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) citing Fed. R. Civ. P. 4(k)(1)(A). California authorizes its courts to exercise jurisdiction "to the full extent that such exercise comports with due process." (Id.) Accordingly, "the jurisdictional analyses under [California] state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Due process "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). A non-resident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

310, 316 (1945). The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121. Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum State." (Id.). The Courts "primary concern" is "the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). The plaintiff bears the burden of making a prima facie showing that jurisdiction is appropriate to survive a motion to dismiss. *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). The minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." (Id.). It follows that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." (Id.) at 1123.

There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." (Id.), quoting *Burger King*, 471 U.S. at 476–78.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1.  The Defendant did not purposefully direct its activities toward the forum nor did it purposefully avail itself of the privileges of conducting activities in the forum state.

In assessing specific jurisdiction through Internet conduct, "the common thread . . . is that 'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Loomis v. Slendertone Distrib., Inc.* (S.D.Cal. Nov. 4, 2019, No. 3:19-cv-854 - MMA (KSC)) 2019 U.S.Dist.LEXIS 193169, at 27, quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

Courts have adopted a sliding scale when assessing whether operating a website can give rise to sufficient minimum contacts within the forum state. (Id.) At one end of the scale are "passive" websites which merely display information, such as an advertisement. Personal jurisdiction is not appropriate when a website is merely passive. At the other end of the scale are "interactive" websites which function for commercial purposes and where users exchange information. Personal jurisdiction may be appropriate when an entity is conducting business over the internet. Where a website is somewhere between the two extremes, the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet. (Id.) In this case the plaintiff admits that the Defendant Zroad Inc. is a shell corporation without offices or personnel therefore it cannot have carried on many activities contained in the Plaintiff's allegations.

Internet advertisements alone are insufficient "to subject the advertiser to jurisdiction in the plaintiff's home state." (Id. at 28), citing *Cybersell, Inc.*, 130 F.3d 414 at 418. Instead, "something more" is necessary "to subject the advertiser to jurisdiction in the plaintiff's home state." (Id.) In *Graco Minnesota Inc.*, the district court held in a trademark infringement case that

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

there was no specific jurisdiction in California where a defendant sold products on its website and third-party websites; a defendant shipped a product to California; a defendant stated he never had been to California in a business capacity, did not advertise in California, did not have offices or employees in California, and had low number of overall sales to California; the defendant entity was not registered with the California Secretary of State; defendants made sales to California customers; defendants did not target a "California-specific market or industry"; and "[t]he record [did] not show that California [was] the "focal point" of both the infringement claims and the alleged harm." *Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-CV-1690-WQH-AGS, 2019 U.S. Dist. LEXIS 66611, 2019 WL 1746580, at 4 (S.D. Cal. Apr. 17, 2019) (quoting *Picot*, 780 F.3d at 1215). However, in *Lindora, LLC*, the district court held the "express aiming" prong was satisfied because defendant "exploit[ed] an important consumer base for commercial gain" by selling more product in California than in any other state; having more Associates in California than any other state; holding trainings and conferences in California; having several California-residing Associates as success stories on its website; having a California-specific webpage for California consumers; and receiving a cease-and desist letter from plaintiff's counsel in California, which put Defendant on notice sufficient to "turn what might otherwise have been general economic activity into 'individualized targeting.'" *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1139 (S.D. Cal. 2016).

In paragraph 6 (a-e) of the First Amended Complaint, the Plaintiff purports to set forth the reasons why this Court has personal jurisdiction over the Defendants cumulatively. (First Amended Complaint ¶ 6) The Plaintiff claims that each Defendant engaged in, contributed to, and induced the infringing conduct at issue within the United States and the State of California and has purposefully directed their activities at the United States and at California. (Id.) Additionally,

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   Plaintiff states that Defendant has purported to be among the owners or prior owners of the

2   copyright in the infringing game and the related internet websites. (Id. ¶ 12)

3       Assuming these allegations by the Plaintiff are true, they are not sufficient to establish that

4   the Defendant did "something more" expressly aiming at the California or United States market.

5   There are no factual allegations showing that the Defendant specifically exploited the California

6   or United States market for commercial gain, nor could it since the Defendant is a shell

7   corporation without employees or offices.

8

9       Similar to *Graco Minesota Inc.*, the Plaintiff did not allege any fact that would show that

10  Defendant targeted the California, or even US, market. The alleged infringing game was available

11  in most countries around the world. Plaintiff made no allegation as to whether the Defendant

12  advertised or marketed the alleged infringing game expressly aiming at California or the US. The

13  Plaintiff did not allege that Defendant had created a special website or version of the game that

14  was catered to the California or US market. The Plaintiff has made no allegation as to whether

15  there was a higher percentage of revenue originating from the California or US market. Plaintiff

16  has additionally failed to make any allegation stating that the Defendant did "something more" in

17  California, the US, or any other place where the game could be accessed, in order to exploit that

18  specific market. Therefore, there are no allegations in the First Amended Complaint that would be

19  sufficient to show that Defendant directed any activity toward the forum, nor did they

20  purposefully avail themselves of the privileges of conducting activities in the forum state.

21

22       2.   The present claim does not arise out of, or relate to, the Defendant's forum-related

23           activities

24       As established in *Walden*, a "Defendant's relationship with a Plaintiff or third party,

25  standing alone, is an insufficient basis for jurisdiction."

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Here, the Plaintiff has made no allegation of fact stating that Defendant has a connection with California or the US. Plaintiff alleges, under information and belief, that Defendant is a subsidiary or affiliate of Zroad HK and/or Sina Games. (First Amended Complaint ¶ 12). Plaintiff alleges that Zroad HK and Sina Games are responsible for developing, distributing, and/or publishing the infringing game. (Id.). Similar to *Walden*, assuming that Defendant is a subsidiary or affiliate of Zroad HK and/or Sina Games, this relationship would be insufficient to establish jurisdiction over Defendant.

Furthermore, Plaintiff has failed to allege that Defendant's role in the present claim arises out of Defendant's activities in California or the US. Plaintiff alleges in the First Amended Complaint that Defendant is incorporated under the laws of the British Virgin Islands and that Defendant is a shell company with no offices or employees. (Id.) And indeed how could it be active in California when the Defendant, who is a shell company, has no employees or offices.

Therefore, there are no allegations of fact in the First Amended Complaint showing that the present claim arises out of, or relates to, the Defendant's forum-related activities.

3.  <u>Exercising jurisdiction would not comport with fair play and substantial justice.</u>

In determining  whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," we consider seven factors under our case law: (i) the extent of the defendants' purposeful injection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. *Dole Food Co. v. Watts* (9th Cir. 2002) 303 F.3d 1104, 1114.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

i.   The extent of the defendants' purposeful injection into the forum state's affairs

In *Panavision Int'l, L.P. v. Toeppen*, the court held that a party purposefully injects themselves into the forum's state affairs when they know that their actions would injure another party in California. *Panavision Int'l, L.P. v. Toeppen* (9th Cir. 1998) 141 F.3d 1316, 1323. In *Panavision*, the defendant sent letters to the plaintiff, in California, to demand money in exchange for plaintiff's registration. (Id.)

Although the Plaintiff alleges that all Defendants willfully, deliberately and brazenly infringed the Plaintiff's copyright, Plaintiff has failed to allege any facts showing that Defendant purposefully injected themselves in the affairs of California or the US in connection with the alleged infringement. The Defendant could not have willfully infringed on Plaintiff's copyright when they are merely a shell corporation without employees or offices. Therefore, this factor favors the Defendant.

ii.   The burden on the defendant of defending in the forum

In *Dole Food*, the court considered a number of factors to assess the burden on a party who must defend themselves in a foreign legal system. *Dole Food Co. v. Watts* (9th Cir. 2002) 303 F.3d 1104, 1115. The court considers factors such as language, knowledge of the foreign legal system, exposure and travel to the foreign state, as well as the burden of cost and convenience. (Id.) Plaintiff has failed to allege that Defendant does any activity which would connect him to California or the US. Plaintiff has made no allegations of fact as to Defendant's knowledge of the California or US legal system or even any allegations relating to Defendant's business activities in California. Therefore, this factor favors the Defendant.

iii.   The extent of conflict with the sovereignty of the defendant's state

Plaintiffs allege that Defendant is incorporated under the laws of the British Virgin Islands. (First Amended Complaint ¶ 12) Plaintiff further alleges that Defendant is a shell

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

company without offices or employees and exists in whole or in part to obscure the actual parties responsible for the alleged infringing game. Just how this is done is not disclosed by the Plaintiff. Assuming Plaintiff's allegations are true, the Defendant's state, namely the British Virgin Islands, would have an interest in adjudicating a company who has used its corporate structure to act wrongfully. Therefore, this factor favors the Defendant.

iv.   The forum state's interest in adjudicating the dispute

In *Gould, Inc. v. Health Sciences, Inc*., the court held that the California state rule of forum non conveniens is intended primarily to benefit plaintiffs whose sole residence is in California, rather than corporations with substantial operations in many states. *Gould, Inc. v. Health Sciences, Inc.*, 54 Cal. App. 3d 687, 693, 126 Cal. Rptr. 726 (1976). The Defendant, a BVI corporation without personnel or offices, will be greatly burdened by having to appear in California to defend this action and indeed California would me a most inconvenient location since the Defendant is an overseas company and virtually all alleged wrongful acts and witnesses would be overseas. Therefore, California will be a very inconvenient jurisdiction to litigate this matter.

Plaintiff has failed to allege any facts which would indicate that California has an interest in adjudicating the current dispute. Plaintiff alleges that Defendant's conduct has caused irreparable harm to its business, but fails to allege how this harm is specific to their business in California. Therefore, this factor favors the Defendant.

v.   The most efficient judicial resolution of the controversy

The Plaintiff has failed to allege any statements of fact that would be sufficient to show that California and the United States is the most efficient forum for dispute resolution. Plaintiff has alleged, time and time again that the game was developed in China and that the marketing, advertising, distribution and servicing of the alleged infringing game occurred in the United

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

States and other parts of the world. Plaintiff makes no assertions as to what specifically the Defendant did in the United States, and California, nor why it would be the most efficient forum for resolving the present matter. Therefore, this factor favors the Defendant.

vi.    The importance of the forum to the plaintiff's interest in convenient and effective relief

In *Dole Food Co.*, the court held that the plaintiff's status as a multinational corporation somewhat mitigates the inconvenience of litigating abroad, so this factor does not weigh in the plaintiff's favor; since the plaintiff is a major multinational corporation. *Dole Food Co. v. Watts* (9th Cir. 2002) 303 F.3d 1104, 1116.

Here, Plaintiff has alleged that the games they have developed are played by millions of people around the world. (First Amended Complaint ¶19) As such, Plaintiff engages in business dealings worldwide and would not be excessively inconvenienced by overseas litigation. The Defendant, a BVI shell corporation, will be severely affected by having to litigate in California, a jurisdiction with which it has no contact. Therefore, this factor favors the Defendant.

vii.    The existence of an alternative forum.

In *Corporate Inv. Business Brokers* the court held that whether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable. *Corporate Inv. Business Brokers v. Melcher* (9th Cir. 1987) 824 F.2d 786, 791. Since the Defendant is a BVI corporation, and BVI has a fine common law court system, there is a fine alternative to California.

Here, it is clear that the forum state, California will impose a severe burden on the Defendant, which has no activity in California, nor indeed any business activity at all; while the Plaintiff can readily litigate in the BVI or elsewhere against the Defendant. Therefore, this factor favors the Defendant.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

As such, the seven factors above favor the Defendant. Therefore, exercising jurisdiction would not comport with fair play and substantial justice.

In conclusion, the Plaintiff has failed to establish that this Court has personal jurisdiction over Defendant, Zroad Inc. as is its burden to satisfy. Accordingly, Plaintiff's first Amended Complaint fails to meet the requirement of the Federal Rules of Civil Procedure regarding personal jurisdiction.

**B.      The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is the requirement that a given court have power to hear a specific kind of claim that is brought to that court. In order to bring an action in federal court, the plaintiff must find a constitutional or congressional grant of subject matter jurisdiction to allow the federal court to hear the claim. (U.S. Const. Art. III, Sec. 2). A threshold concern for all federal courts in the presence, or absence, of constitutional standing. The standing requirement, as governed by Article III of the constitution, permits federal courts to adjudicate only cases or controversies. A case or controversy must compromise an actual injury that can be redressed. *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 559 [112 S.Ct. 2130, 2135, 119 L.Ed.2d 351, 362] Subject matter jurisdiction does not exist in the absence of constitutional standing.

In order to satisfy the Constitution's standing requirements, a Plaintiff must show: (1) they have suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 557 [112 S.Ct. 2130, 2135, 119 L.Ed.2d 351, 362]; see also *Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004).

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

In this action, Plaintiff is complaining about a game, namely Glorious Saga, which is an allegedly infringing game that has not been active for quite some time.

1. The Plaintiff has failed to establish it has suffered an "injury in fact" that is concreate and particularized and actual or imminent, not conjectural or hypothetical.

In *Warth v. Seldin* the court held that a plaintiff must not only allege an injury but must also assert a "'direct' relationship between the alleged injury and the claim sought to be adjudicated," that is, "[t]he party who invokes [judicial] power must be able to show… that he has sustained or is immediately in danger of sustaining some direct injury as the result of [a statute's] enforcement."*Warth v. Seldin* (1975) 422 U.S. 490, 525-526 [95 S.Ct. 2197, 2219, 45 L.Ed.2d 343, 370].

Here, Plaintiff has alleged that "Defendants' conduct has caused, and unless enjoined will continue to cause, serious and irreparable harm to Blizzard and its business. Since the alleged infringing game has not been active for some time, no additional harm can arise. In the meantime, Blizzard is informed and believes, and on that basis alleges, that Defendants have profited handsomely from their infringement, attracting thousands of consumers to their Infringing Gam through the use of Blizzard's intellectual property." (First Amended Complaint ¶ 4) This allegation by Plaintiff is neither concrete nor particularized. Plaintiff has failed to allege what specific injuries it has actually suffered. Plaintiff has made no allegation as to any monies lost directly related to the sale and distribution of the alleged infringing game or any decline in sales or players which can be directly related to the sale and distribution of the alleged infringing game. Plaintiff's allegations of injury are general allegations and have failed to demonstrate a direct connection between their alleged harm and the cause of this action.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Therefore, the Plaintiff has failed to establish they have suffered an "injury in fact" that is concreate and particularized and actual or imminent, not conjectural or hypothetical.

2. The alleged injury is not traceable to the challenged action of the Defendant

In *Lujan*, the court held that there must be a causal connection between the injury and the conduct complained of--that is, the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 557 [112 S.Ct. 2130, 2135, 119 L.Ed.2d 351, 362].

As stated above, Plaintiff alleged in their First Amended Complaint that "Defendants' conduct has caused, and unless enjoined will continue to cause, serious and irreparable harm to Blizzard and its business. In the meantime, Blizzard is informed and believes, and on that basis alleges, that Defendants have profited handsomely from their infringement, attracting thousands of consumers to their Infringing Gam through the use of Blizzard's intellectual property." (First Amended Complaint ¶ 4) It is impossible for a shell corporation with no offices, employees or business operations, to have profit handsomely. Furthermore, Plaintiff has alleged that Defendant is a BVI shell company with no employees or offices and exists in whole or in part to obscure the actual parties responsible for the alleged infringing game. (Id. ¶ 12) Assuming this allegation is true; Plaintiff has still failed to demonstrate that the alleged injuries complained of were incurred as a result of any actions on the part of Defendant. Defendant is a shell corporation without employees or offices and thus cannot possibly have a causal connection between the injury and this Defendant. Plaintiff relies on Defendant's potential connection with other Defendants of this action instead of making allegations of fact as to what specific actions were carried out by Defendant, Zroad Inc., which sequentially can be traced to the alleged injury claimed.

Therefore, the alleged injury is not traceable to the challenged action of the Defendant

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

3.   <u>The injury will not be redressed by a favorable decision.</u>

When a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. *Simon v. E. Ky. Welfare Rights Org.* (1976) 426 U.S. 26, 38 [96 S.Ct. 1917, 1924, 48 L.Ed.2d 450, 460]. In *Simon*, the complaint here alleged only that petitioners, by the adoption of Revenue Ruling 69-545, had "encouraged" hospitals to deny services to indigents. (Id. at 462) The court held that it was purely speculative whether the denials of service specified in the complaint fairly can be traced to petitioners' "encouragement" or instead result from decisions made by the hospitals without regard to the tax implications. (Id. at 463) The court further went on to say that it is equally speculative whether the desired exercise of the court's remedial powers in this suit would result in the availability to respondents of such services.(Id.)

Similar to *Simon*, where the party had "encouraged" hospitals to deny service, assuming what the Plaintiff has alleged against Defendant is true; it is a pure speculation that Plaintiff's injury in fact would be traced to Defendant using its corporate form to obscure the actual parties responsible. Regardless of whether Defendant obscured the actual parties responsible, those parties were still free to carry out whatever actions would in fact injure the Plaintiff. A favorable decision by this Court against Zroad Inc. would bear no effect on the parties who indeed are responsible for the injury of the Plaintiff.

Therefore, the injury will not be redressed by a favorable decision.

As such, the Plaintiff has failed to show that they have suffered an "injury in fact;" that the injury is fairly traceable to the challenged action of the defendant; and that it is likely that the injury will be redressed by a favorable decision.

In conclusion, the Plaintiff has failed to establish that this Court has subject matter jurisdiction over Defendant, Zroad Inc. as is its burden to satisfy. Accordingly, Plaintiff's first

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   Amended Complaint fails to meet the requirement of the Federal Rules of Civil Procedure

2   regarding subject matter jurisdiction.

3   **C.   The Complaint Should be Dismissed for Failure to State a Claim upon which Relief**

4   **can be Granted.**

5   Rule 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon

6   which relief can be granted." (FED. R. CIV. P. 12(b)(6)). For a 12(b)(6) motion, "all well-pleaded

7   allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the

8   non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). A complaint must state

9   "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d

10  1042, 1047 (9th Cir. 2008). While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to

11  dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

12  of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

13  the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

14  relief above the speculative level. *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 548 [127 S.Ct.

15  1955, 1961, 167 L.Ed.2d 929, 929]. Complaints that do not state evidentiary facts which, if true,

16  will prove the claim are otherwise dismissed. *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir.

17  2006).

18  Plaintiff claims that Defendant is a shell company without offices or employees and exists

19  in whole or in part to obscure the actual parties responsible for the alleged infringing game. (First

20  Amended Complaint ¶ 12). Plaintiff does not make any further allegations of fact to specify what

21  actions, if any, were carried out by Defendant in their attempt to obscure the actual parties

22  responsible for the game. Thus, Plaintiff's statement is merely a conclusion with no factual

23  support enough to raise a right of relief above speculative level. Additionally, as alleged by

24  Plaintiff, Defendant is a shell company with no offices or employees, thus limiting any actions

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

that could be reasonably believed to be carried out by Defendant in its pursuit to allegedly obscure the actual parties responsible for the game.

Furthermore, Plaintiff additionally alleged that "Defendants' conduct has caused, and unless enjoined will continue to cause, serious and irreparable harm to Blizzard and its business." (Id. ¶ 4). However, Plaintiff makes no allegations as to what serious and irreparable harm Blizzard has suffered. Plaintiff has made no allegations as to whether they experienced a decrease in sales that can be connected to the alleged infringing game. Plaintiff has made no allegations as to whether they decreased the number of users or players which can be connected to the alleged infringing game. Plaintiff has failed to establish that users of the alleged infringing game would have instead bought and played Plaintiff's game had the alleged infringing game never existed. As such, Plaintiff's claim that is has suffered serious and irreparable harm are merely conclusory and completely speculator.

Therefore, Plaintiff's factual allegations are not enough to raise a right to relief above the speculative level thus the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III.   Conclusion

**WHEREFORE**, for the reasons set forth above, Defendant Zroad Inc. respectfully requests that the Court dismiss all the claims asserted against them. Additionally, in view of the facts that the Plaintiff acknowledged in the Complaint that the Defendant, Zroad Inc., was a shell corporation without offices or personnel, its attempt to sue the Defendant in California would seem to be frivolous. Under the circumstances, Defendant asks this Honorable Court to consider awarding cost and legal fees to the Defendant, for need to make this Motion.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

2   Dated:  November 25, 2019                    Anderson & Anderson LLP

3

4                                          By:  _____/s/_____
                                                    PAMELA DABDOUB

5                                               Attorneys for Defendants ZROAD, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT