MARC E. MAYER (SBN 190969), mem@msk.com
KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
MARK C. HUMPHREY (SBN 291718), mxh@msk.com
AARON D. JOHNSTON (SBN 328627), adj@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOYFUN INC CO., LIMITED a/k/a SINA GAMES OVERSEAS (新浪游戏海外), a company organized under the laws of Hong Kong; ZROAD (HONGKONG) CO., LIMITED d/b/a INSTANTFUNS, a company organized under the laws of Hong Kong; INTELLIGENT JOYFUL INTERNATIONAL LIMITED, a company organized under the laws of the British Virgin Islands; ZROAD, INC., a company organized under the laws of the British Virgin Islands; SHANGHAI ZHOUZHONG NETWORK TECHNOLOGY CO., LTD. (上海洲众网络科技有限公司), a company organized under the laws of China; SHANGHAI YINFAN NETWORK TECHNOLOGY CO., LTD. (上海茵繁网络科技有限公司), a company organized under the laws of China; WANG HAO (王昊) a/k/a HOWELL WANG, an individual; LUTONG ZHOU a/k/a CARLY ZHOU, an individual; DOE 1 a/k/a "simosimo2018ab@gmail.com;" DOE 2 a/k/a SIMDEV; and DOES 3 through 10, inclusive, <br><br> Defendants. | CASE NO. 8:19-cv-01582-JVS-DFM <br><br> Honorable James V. Selna <br><br> **STIPULATED JUDGMENT AND PERMANENT INJUNCTION** <br><br> Trial Date: March 2, 2021 |

Pursuant to the Parties' Stipulation dated August 19, 2020, the Court hereby orders that judgment is entered against Defendants Joyfun Inc Co., Limited and Shanghai Zhouzhong Network Technology Co., Ltd. (上海洲众网络科技有限公司) ("Defendants") as follows.

1. Joyfun and SZNT, all persons acting under their control (including but not limited to their agents, representatives, and employees acting within the scope of their employment), and those persons or companies in active concert or participation with Joyfun and SZNT who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and/or desist from knowingly engaging in any of the following:

(a) taking any steps on Joyfun and SZNT's own behalf in creating, distributing, advertising, marketing or otherwise making available (including via any web or mobile app portal, including the "Instantfuns" App) the game "Glorious Saga" and/or "Glorious World" and/or any substantially similar variants thereof, whether for mobile devices, web browsers, game consoles, or personal computers (collectively, the "Game");

(b) inducing, causing, encouraging, or materially contributing to others' reproducing, distributing, publicly performing, or publicly displaying (including via any social media account, website, or video-sharing account) the Game;

(c) selling, reselling, or processing payments for the Game;

(d) sharing, copying, transferring, or distributing the Game;

(e)  investing or holding any financial interest in any enterprise which Joyfun and SZNT know or have reason to know is now, or intends in the future to be, engaged in any of the activities prohibited by this Permanent Injunction.

2. Joyfun and SZNT shall promptly shut down, and keep down, any and all websites, servers, social media pages or communications, blog posts, YouTube videos, file archives (including any GitHub archives), or web pages, if any, under Joyfun and SZNT's control that host, share, or market/promote the Game, and shall promptly notify and cause all those acting in concert with Joyfun and SZNT to take down and keep down any and all such websites, servers, social media, or web pages, if any, hosting, sharing, or promoting/marketing the Game.

3. For purposes of this stipulation and permanent injunction, ZRoad (HongKong) Co., Limited d/b/a InstantFuns; ZRoad, Inc.; Shanghai Yinfan Network Technology Co., Ltd. (上海茵繁网络科技有限公司); Wang Hao (王昊) a/k/a Howell Wang; Lutong Zhou (周璐彤) a/k/a Carly Zhou are not parties acting under Joyfun and SZNT's control or in active concert or participation with Joyfun and SZNT.

4. Any company or entity that either Joyfun or SZNT controls in the future shall also comply with the provisions of this Permanent Injunction.

5. Joyfun and SZNT irrevocably and fully waive notice of entry of this Permanent Injunction and notice and service of the entered Permanent Injunction.

6. Joyfun and SZNT irrevocably and fully waive any and all rights to appeal this Permanent Injunction, to have it vacated or set aside, to seek or obtain a

new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in this Permanent Injunction shall limit the right of Blizzard to seek any and all available relief for any and all infringements by Joyfun and SZNT of Blizzard's Intellectual Property occurring after the date of this Permanent Injunction

8. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction.

The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants Joyfun Inc Co., Limited and Shanghai Zhouzhong Network Technology Co., Ltd. (上海洲众网络科技有限公司).

IT IS SO ORDERED.

DATED: August 20, 2020

By: _____
Honorable James V. Selna